*This opinion is subject to revision before final
publication in the Pacific Reporter*

**2019 UT 33**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

RYAN BRADBURN,
*Appellant*,

*v.*

ALARM PROTECTION TECHNOLOGY, LLC;
ALDER HOLDINGS, LLC;
ALDER PROTECTION HOLDINGS, LLC;
and ADAM SCHANZ,
*Appellees*.

No. 20180305
Filed July 17, 2019

On Direct Appeal

Fourth District, Provo
The Honorable Kraig Powell
No. 170400290

Attorneys:

Kamron Keele, Chicago, Illinois, for appellant

Erik A. Olson, Jason R. Hull, Trevor C. Lang, Salt Lake City,
for appellees

CHIEF JUSTICE DURRANT authored the opinion of the Court, in
which ASSOCIATE CHIEF JUSTICE LEE, JUSTICE HIMONAS,
JUSTICE PEARCE, and JUSTICE PETERSEN joined.

CHIEF JUSTICE DURRANT, opinion of the Court:

## Introduction

¶1   Ryan Bradburn worked for Alarm Protection Technology
(APT) as a sales representative in the summer of 2015. After his
employment ended, he sued APT for alleged unpaid commissions.
APT, executing on a confession of judgment it had previously
obtained from Mr. Bradburn, initiated a constable sale and
purchased Mr. Bradburn's right to sue APT. After obtaining his right

to sue, APT substituted itself into this case for Mr. Bradburn and dismissed all claims against itself. Mr. Bradburn argues that the district court erred in allowing APT to substitute itself as the plaintiff and extinguish the claims against it. Because we find that the district court did not abuse its discretion in permitting APT's substitution as plaintiff, we affirm.

## Background

¶2    Alarm Protection Technology is an alarm services company that sells alarm systems mainly through door-to-door sales. Mr. Bradburn worked for APT as a sales representative after signing an agreement in June 2013. In December 2014, Mr. Bradburn signed a confession of judgment and a promissory note in APT's favor for $24,000 in exchange for advances on his commission. He stopped working for APT in June 2015.

¶3    On March 1, 2017, Mr. Bradburn filed suit against APT in our fourth judicial district, alleging "causes of action for violation of the Utah Sales Representative Commission Payment Act, breach of contract, unjust enrichment, quantum meruit, and promissory estoppel." He alleged $348,434 in unpaid commissions and treble damages, all totaling $1,045,302. Later that day, APT filed the December 2014 confession of judgment and promissory note in the third district. The case file in third district "does not reflect that APT served or notified Bradburn of th[at] filing." In May 2017, the third district court entered judgment against Mr. Bradburn for $24,000 pursuant to the promissory note and confession of judgment. APT then filed a notice of entry of judgment and served notice on Mr. Bradburn.

¶4    After entry of judgment, APT sought a writ of execution requesting a constable sale of all Mr. Bradburn's "rights, claims, interest and choses in action"[1] against APT and its affiliates. He moved to quash or stay the writ of execution. The district court granted the stay in part, allowing him the opportunity to file a rule 60(b) motion instead.[2] He then filed a rule 60(b) motion seeking to vacate the judgment or stay the execution. The district court

---

[1] A "chose in action" is the "right to bring an action to recover a debt, money, or thing." *Chose*, BLACK'S LAW DICTIONARY (11th ed. 2019).

[2] UTAH R. CIV. P. 60(b).

denied his motion after two days of evidentiary hearings. He did not appeal that denial.

¶5    The next month, APT served Mr. Bradburn with notice of a constable sale. At that sale, APT purchased his choses in action against APT and its affiliates for $2,500. Mr. Bradburn alleges he did not have the money to bid on his own choses in action because he had not been paid his commission. There were no other bidders at the sale. He did not move to vacate the sale.

¶6    The next day, APT filed a notice of transfer of claims and a motion to substitute itself as the only plaintiff in Mr. Bradburn's pending action against APT. The district court granted the motion to substitute, which precluded Mr. Bradburn from further participation in the case. APT then extinguished all claims against itself and the other defendants in the case. Mr. Bradburn now appeals from that order granting APT's substitution.

¶7    Mr. Bradburn timely appealed to this court. We have jurisdiction pursuant to Utah Code section 78A-3-102(3)(j).

## Standard of Review

¶8    We must decide whether the district court's decision to allow APT to substitute as plaintiff in the action pending against itself, and to preclude Mr. Bradburn from continuing as plaintiff (complete substitution), was proper under Utah Rule of Civil Procedure 25. A district court's substitution ruling is a discretionary one that we review for an abuse of discretion.[3]

## Analysis

¶9    Mr. Bradburn argues that the district court abused its discretion in allowing APT to substitute itself as the plaintiff in his pending action against it. He seeks reversal of the substitution so that he can continue as a plaintiff in the case. APT disagrees and raises procedural challenges to Mr. Bradburn's arguments as well. Because we conclude that the district court's substitution order was proper, we affirm.

---

[3] *Lamoreaux v. Black Diamond Holdings, LLC*, 2013 UT App 32, ¶ 6, 296 P.3d 780 (citing UTAH R. CIV. P. 25(c)).

## I. We Have Appellate Jurisdiction Only As to the District Court's Substitution Order

¶10 APT argues that Mr. Bradburn's substantive arguments are procedurally barred by collateral estoppel or, alternatively, that he does not have standing. But this issue is more properly viewed as a jurisdictional issue. While Mr. Bradburn has standing to pursue this appeal of the district court's substitution order, we have no jurisdiction over any other non-appealed district court order or proceeding.

¶11 There are three separate actions underlying this case. First, there was a confession action in which APT sought to enforce the judgment by confession. Second, there was a constable sale where APT purchased Mr. Bradburn's choses in action against APT. Finally, there was a substitution action in which APT sought to substitute itself as the plaintiff in Mr. Bradburn's pending action against APT. Mr. Bradburn did not appeal from the judgment by confession proceeding, and he did not move to vacate the constable sale. Instead, he appealed only the final substitution order.

¶12 Because this case does not come to us on appeal from the confession of judgment action or the constable sale action, we do not have appellate jurisdiction over those actions. So, even were we to find that it was against public policy for APT to purchase Mr. Bradburn's choses in action, we could not vacate the earlier district court's entry of judgment or vacate the sale of his property. Thus our jurisdiction is limited to determining whether APT's substitution for Mr. Bradburn was proper. As we explain below, it was.

## II. The District Court Did Not Abuse its Discretion in Allowing APT's Complete Substitution

¶13 Mr. Bradburn argues that he should have been permitted to continue as the plaintiff in his case against APT, despite the fact that APT had purchased his claims in their entirety. He asserts that Utah law allows individuals to purchase claims against themselves only when the judgment was obtained on the merits, and not by a confession of judgment. In support, he cites our decision in *Snow, Nuffer, Engstrom & Drake v. Tanasse*.[4] Alternatively, he argues that we

---

[4] 1999 UT 49, 980 P.2d 208 (holding that it was against public policy for attorneys to purchase malpractice claims against themselves).

should extend *Snow*'s holding to the employer-employee context, and vacate the sale of his claim. In support of this argument he asserts that there are similar public policy concerns in play. But, as discussed above, our review is limited to whether the district court abused its discretion in allowing complete substitution under Utah Rule of Civil Procedure 25.[5] And because the district court did not abuse its discretion in allowing APT's substitution as plaintiff, we affirm the substitution order.

¶14 Utah Code section 78B-5-205 authorizes the use of judgments by confession. Utah Rule of Civil Procedure 58A provides for entry of judgment, including judgment by confession.[6] Rule 64 lays out the framework for writs in general.[7] Rule 64E allows for a writ of execution to "seize property in the possession or under the control of the defendant following entry of a final judgment or order requiring the delivery of property or the payment of money."[8] Rule 69A discusses the seizure of property.[9] Rule 69B addresses the sale and delivery of property,[10] and we have held that individuals

---

[5] By contrast, in *Snow*, we were reviewing a denial of a motion to vacate the constable sale of the party's choses in action. *Id.* ¶ 6. In that procedural posture, we were able to properly exercise appellate jurisdiction to vacate the sale.

[6] UTAH R. CIV. P. 58A(i).

[7] UTAH R. CIV. P. 64.

[8] UTAH R. CIV. P. 64E(a).

[9] UTAH R. CIV. P. 69A(c)(4) ("[P]ersonal property shall be seized by serving the writ and a description of the property on the person holding the property and taking the property into custody.").

[10] UTAH R. CIV. P. 69B.

may purchase choses in action, even against themselves.[11] Finally, rule 25 allows for substitution of parties.[12]

¶15 In this case, APT secured a judgment by confession from Mr. Bradburn, sought a writ of execution, held a constable sale, purchased Mr. Bradburn's choses in action against itself, substituted itself as plaintiff, and extinguished all claims against itself. All of this was, on its face, authorized by the above statutory framework.[13]

¶16 Mr. Bradburn argues that the district court abused its discretion in allowing APT's *complete* substitution under rule 25, precluding him from participating in the proceedings.[14] But Utah law allows complete substitution,[15] and it was appropriate in this case.

---

[11] *Applied Med. Techs., Inc. v. Eames*, 2002 UT 18, ¶ 13, 44 P.3d 699 ("Given that choses in action are amenable to execution . . . it follows that a defendant can purchase claims, i.e., choses in action, pending against itself and then move to dismiss those claims."); *see also Snow*, 1999 UT 49, ¶ 9 ("[W]e hold that a legal malpractice claim, like any other chose in action, may ordinarily be acquired by a creditor through attachment and execution."); *Lamoreaux v. Black Diamond Holdings, LLC*, 2013 UT App 32, ¶ 16, 296 P.3d 780.

[12] UTAH R. CIV. P. 25(c) ("In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.").

[13] Because the only issue before us on appeal is the substitution order, we express no opinion on the propriety of any of APT's other actions on the merits. Our review is strictly limited to whether, on the facts presented to the district court below, it properly allowed APT's substitution.

[14] In other words, Mr. Bradburn argues that he should have at least been allowed to remain a party to the case, as a co-plaintiff with APT. He also argues he should have been allowed to continue as the only plaintiff.

[15] *See, e.g.*, *Applied Med.*, 2002 UT 18, ¶ 18; *Lamoreaux*, 2013 UT App 32, ¶¶ 21–22 (explaining that rule 25 "clearly allows a court to substitute the transferee into the action").

¶17 Complete substitution was appropriate because Mr. Bradburn no longer had any right to pursue his former claims. Once a party's "claims have been sold, a new party steps into the shoes of the former plaintiff" and this "cuts off the former plaintiff's right to pursue those claims."[16] Once APT purchased Mr. Bradburn's choses in action, APT had control over the litigation, "including the right to move to dismiss the pending claims."[17] There is nothing in the record to suggest that the district court erred, let alone abused its discretion, in allowing APT to exercise its rights over the claims it had lawfully purchased. And, absent some agreement with APT, it is unclear how the action could have proceeded with APT having purchased the claim, but Mr. Bradburn continuing as the plaintiff. So while rule 25 grants the district court some discretion over substitution, in cases like this where one party has purchased the entire interest in the claim and moves to substitute itself as plaintiff, the district court likely has little to no actual discretion to deny substitution.[18]

## Conclusion

¶18 The district court did not abuse its discretion in allowing complete substitution because Utah law permits the tactic used by APT in this case. Even if we agreed with Mr. Bradburn that this tactic is problematic, we do not have jurisdiction to unwind the entry of judgment against him or the sale of his claims against APT. Accordingly, we affirm.

———————

[16] *Applied Med.*, 2002 UT 18, ¶ 17.

[17] *Id.*

[18] *See id.* ("After claims have been sold, a new party steps into the shoes of the former plaintiff, and the claims remain cognizable, but the sale cuts off the former plaintiff's right to pursue those claims. Once acquired by another, the new litigant has the right to determine the course and scope of the litigation of the claims purchased, including the right to move to dismiss the pending claims." (citations omitted)).